IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY RAUL BARRON,

Plaintiff,                                   No. CIV S-11-2678 GGH P

vs.

MATTHEW CATE, et al.,

Defendants.                          ORDER

_____/

Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983.  Plaintiff's original complaint was dismissed and plaintiff has filed an amended complaint.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

1

1   (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

2   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

3   490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

4   pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

5   Cir. 1989); Franklin, 745 F.2d at 1227.

6          A complaint must contain more than a "formulaic recitation of the elements of a

7   cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the

8   speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007).

9   "The pleading must contain something more...than...a statement of facts that merely creates a

10  suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal

11  Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).   "[A] complaint must contain sufficient

12  factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft

13  v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127

14  S.Ct. 1955).  "A claim has facial plausibility when the plaintiff pleads factual content that allows

15  the court to draw the reasonable inference that the defendant is liable for the misconduct

16  alleged."  Id.

17          In reviewing a complaint under this standard, the court must accept as true the

18  allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S.

19  738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff,

20  and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct.

21  1843 (1969).

22          The crux of plaintiff's complaint is that he was improperly validated as a gang

23  member.  The majority of the complaint involves describing how the six source items were

24  improperly used to validate plaintiff.  As described below, only one source item is required and

25  only minimal procedural protections are needed.  Plaintiff has failed to allege that the minimal

26  procedures were violated in the course of the gang validation.  Plaintiff also makes general

2

1   allegations of retaliation, though the accusations are difficult to discern.  Plaintiff was cited for

2   gang activity and an investigation began.  Plaintiff states he filed appeals regarding the

3   investigation, and then in retaliation, he was validated as a gang member.  Yet, plaintiff has

4   failed to demonstrate that the initial investigation was in retaliation for any protected conduct, or

5   what defendants did in the course of the appeal, constituted retaliation.  That defendants

6   continued the investigation despite plaintiff's appeals, and then came to their conclusion, fails to

7   show retaliation.  The amended complaint is dismissed but plaintiff may file a second amended

8   complaint within twenty-eight days.

9          The process constitutionally due to an inmate placed in segregation depends on

10  whether the placement is disciplinary or administrative.  Toussaint v. McCarthy, 801 F.2d 1080,

11  1099 (9th Cir. 1986).  In Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit

12  determined that California's policy of placing suspected gang members in segregation is an

13  administrative decision, undertaken to preserve order in the prison.  When an inmate is placed in

14  segregation for administrative purposes, due process requires only the following procedures:

15         Prison officials must hold an informal nonadversary hearing within a reasonable
       time after the prisoner is segregated.  The prison officials must inform the prisoner
16     of the charges against the prisoner or their reasons for considering segregation.
       Prison officials must allow the prisoner to present his views.... [D]ue process [ ]
17     does not require detailed written notice of charges, representation by counsel or
       counsel-substitute, an opportunity to present witnesses, or a written decision
18     describing the reasons for placing the prisoner in administrative segregation.

19  Toussaint, 801 F.2d at 1100-01 (footnote omitted).

20         Prisoners are entitled to the minimal procedural protections of adequate notice and

21  an opportunity to be heard.  Bruce, 351 F.3d at 1287.  In addition to these minimal protections,

22  there must be "some evidence" supporting the decision to place a prisoner in segregated housing.

23  Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).

24         The "some evidence" standard sets a low bar, consistent with the recognition that

25  assignment of inmates within prisons is "essentially a matter of administrative discretion,"

26  subject to "minimal legal limitations."  Bruce, 351 F.3d at 1287 (citing Toussaint, 801 F.2d 1080,

1    with respect to the minimal limitations).  A single piece of evidence may be sufficient to meet the

2    "some evidence" requirement, if that evidence has "sufficient indicia of reliability."  Id. at 1288;

3    Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) ("relevant question is whether there is *any*

4    evidence in the record that *could* support the conclusion reached by the disciplinary board"

5    (citing Hill, 472 U.S. at 455-56 (emphases in original)).

6            To the extent that any defendants were retaliatory, plaintiff must plead facts which

7    suggest that retaliation for the exercise of protected conduct was the "substantial" or

8    "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874

9    F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff must also plead facts which suggest an absence of

10   legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65

11   F.3d 802 (9th Cir. 1995).  Verbal harassment alone is insufficient to state a claim.  See

12   Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily

13   injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing

14   the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of

15   hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation

16   because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560,

17   562 (n. 1) (10th Cir. 1990).

18           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

19   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

20   Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

21   how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

22   there is some affirmative link or connection between a defendant's actions and the claimed

23   deprivation.  Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598 (1976); May v. Enomoto, 633 F.2d

24   164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore,

25   vague and conclusory allegations of official participation in civil rights violations are not

26   sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1    In addition, plaintiff is informed that the court cannot refer to a prior pleading in

2  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

3  amended complaint be complete in itself without reference to any prior pleading.  This is

4  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

5  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

6  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

7  original complaint, each claim and the involvement of each defendant must be sufficiently

8  alleged.

9    In accordance with the above, IT IS HEREBY ORDERED that the amended

10  complaint is dismissed for the reasons discussed above, with leave to file a second amended

11  complaint, within twenty-eight days from the date of service of this order.  Once again any

12  second amended complaint may **not exceed 30 pages in length including exhibits**.  Failure to

13  file a second amended complaint will result in a recommendation that the action be dismissed.

14  DATED: March 12, 2012

15                                      /s/ Gregory G. Hollows
                                        UNITED STATES MAGISTRATE JUDGE

16

GGH: AB

17  barr2678.b2

18

19

20

21

22

23

24

25

26