1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ANTHONY RAUL BARRON,

11              Plaintiff,               No. 2:11-cv-2678 JAM GGH P

12       vs.

13  MATTHEW CATE, et al.,                ORDER and

14              Defendants.              FINDINGS & RECOMMENDATIONS

15  _____/

16       Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42

17  U.S.C. § 1983.  Plaintiff's original and amended complaints were dismissed and plaintiff has

18  filed a second amended complaint.

19       The court is required to screen complaints brought by prisoners seeking relief

20  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

21  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

22  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

23  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

24  U.S.C. § 1915A(b)(1),(2).

25       A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

26  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

(9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.Ct. 1848 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S.Ct. 1843 (1969).

The crux of plaintiff's second amended complaint is that he was improperly validated as a gang member.  The majority of the complaint involves describing how the various source items were improperly used to validate plaintiff.  As described below, only one source item is required to show "some evidence" and only minimal procedural protections are needed. It is not the role of this court to re-examine the evidence used.  Plaintiff's complaint and exhibits from prior complaints indicate that plaintiff was provided the proper protections: an informal

1    hearing on July 23, 2009, a few days after he was segregated, he was informed of the charges and

2    evidence against him and plaintiff submitted a written rebuttal to the evidence on August 25,

3    2009.  Thus, the minimal procedures were not violated in the course of the gang validation.

4            However, if the allegations of the complaint are proven, plaintiff may have a

5    reasonable opportunity to prevail on the merits of this action against defendants Alcaraz and

6    Flower for a claim of retaliation, though, the allegations of retaliation against the remaining

7    defendants fail to state a claim.  By concurrent order, plaintiff will be provided the proper forms

8    to effectuate service on these defendants.

9            Plaintiff alleges that defendant Alcaraz began the gang validation process because

10   plaintiff refused or was unable to provide information concerning other inmates or gang activity.

11   Plaintiff was cited for gang activity and an investigation began.  Plaintiff states he filed appeals

12   regarding the investigation, and then in retaliation, he was validated as a gang member by other

13   defendants.  Yet, plaintiff has failed to demonstrate that these other defendants had any

14   retaliatory intent other then continuing the investigation or that denying his appeals was in

15   retaliation.  That defendants continued the investigation despite plaintiff's appeals, and then

16   came to their conclusion, fails to show retaliation, as there are insufficient allegations that these

17   other defendants were retaliating against plaintiff for failing to provide information to the other

18   officers.  Plaintiff has failed to plead factual content that allows the court to draw the reasonable

19   inference that these other defendants are liable for the misconduct alleged against the defendants

20   that will be served.  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (quoting

21   Twombly, 550 U.S. at 570).  Therefore, all claims and defendants should be dismissed except the

22   claim of retaliation against Alcaraz and Fowler.

23           The process constitutionally due to an inmate placed in segregation depends on

24   whether the placement is disciplinary or administrative.  Toussaint v. McCarthy, 801 F.2d 1080,

25   1099 (9th Cir. 1986).  In Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit

26   determined that California's policy of placing suspected gang members in segregation is an

1  administrative decision, undertaken to preserve order in the prison.  When an inmate is placed in

2  segregation for administrative purposes, due process requires only the following procedures:

3      Prison officials must hold an informal nonadversary hearing within a reasonable
       time after the prisoner is segregated.  The prison officials must inform the prisoner
4      of the charges against the prisoner or their reasons for considering segregation.
       Prison officials must allow the prisoner to present his views.... [D]ue process [ ]
5      does not require detailed written notice of charges, representation by counsel or
       counsel-substitute, an opportunity to present witnesses, or a written decision
6      describing the reasons for placing the prisoner in administrative segregation.

7  Toussaint, 801 F.2d at 1100-01 (footnote omitted).

8          Prisoners are entitled to the minimal procedural protections of adequate notice and

9  an opportunity to be heard.  Bruce, 351 F.3d at 1287.  In addition to these minimal protections,

10 there must be "some evidence" supporting the decision to place a prisoner in segregated housing.

11 Id. (citing Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768 (1985)).

12         The "some evidence" standard sets a low bar, consistent with the recognition that

13 assignment of inmates within prisons is "essentially a matter of administrative discretion,"

14 subject to "minimal legal limitations."  Bruce, 351 F.3d at 1287 (citing Toussaint, 801 F.2d 1080,

15 with respect to the minimal limitations).  A single piece of evidence may be sufficient to meet the

16 "some evidence" requirement, if that evidence has "sufficient indicia of reliability."  Id. at 1288;

17 Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) ("relevant question is whether there is *any*

18 evidence in the record that *could* support the conclusion reached by the disciplinary board"

19 (citing Hill, 472 U.S. at 455-56 (emphases in original)).

20         To the extent that any of defendants actions were retaliatory, plaintiff must plead

21 facts which suggest that retaliation for the exercise of protected conduct was the "substantial" or

22 "motivating" factor behind the defendant's conduct.  See Soranno's Gasco, Inc. v. Morgan, 874

23 F.2d 1310, 1314 (9th Cir. 1989).  Plaintiff must also plead facts which suggest an absence of

24 legitimate correctional goals for the conduct he contends was retaliatory.  Pratt v. Rowland, 65

25 F.3d 802 (9th Cir. 1995).  Verbal harassment alone is insufficient to state a claim.  See

26 Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987).  However, even threats of bodily

4

1   injury are insufficient to state a claim, because a mere naked threat is not the equivalent of doing

2   the act itself.  See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987).  Mere conclusions of

3   hypothetical retaliation will not suffice, a prisoner must "allege specific facts showing retaliation

4   because of the exercise of the prisoner's constitutional rights."  Frazier v. Dubois, 922 F.2d 560,

5   562 (n. 1) (10th Cir. 1990).

6          Plaintiff also requests that the court appoint counsel.  District courts lack authority

7   to require counsel to represent indigent prisoners in section 1983 cases.  Mallard v. United States

8   Dist. Court, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an

9   attorney to voluntarily to represent such a plaintiff.  See 28 U.S.C. § 1915(e)(1); Terrell v.

10  Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

11  (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must

12  consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to

13  articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v.

14  Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to

15  appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.

16  Circumstances common to most prisoners, such as lack of legal education and limited law library

17  access, do not establish exceptional circumstances that warrant a request for voluntary assistance

18  of counsel.

19          Having considered the factors under Palmer, the court finds that plaintiff has

20  failed to meet his burden of demonstrating exceptional circumstances warranting the

21  appointment of counsel at this time.  Plaintiff has presented a claim that does not require counsel

22  at this stage in the litigation.

23          Accordingly, IT IS HEREBY ORDERED that the motion to appoint counsel

24  (Doc. 16) is denied without prejudice.

25          IT IS HEREBY RECOMMENDED that all defendants and claims be dismissed

26  except the claim of retaliation against defendant Alcaraz and Fowler.

1    These findings and recommendations are submitted to the United States District

2   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

3   days after being served with these findings and recommendations, any party may file written

4   objections with the court and serve a copy on all parties.  Such a document should be captioned

5   "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

6   shall be served and filed within seven days after service of the objections.  The parties are

7   advised that failure to file objections within the specified time waives the right to appeal the

8   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9   DATED: September 24, 2012

10

11                                  /s/ Gregory G. Hollows
                          UNITED STATES MAGISTRATE JUDGE

12   GGH: AB
     barr2678.b3

13