UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAUL BARRON,<br><br>    Plaintiff,<br><br>    v.<br><br>A. ALCARAZ, et al.,<br><br>    Defendants. | No. 2:11-cv-2678 JAM AC P<br><br><br><br>ORDER |

    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings suit pursuant to 42 U.S.C. § 1983. Pending before the court is defendant A. Alcaraz's request for screening of plaintiff's third amended complaint. For the reasons set forth here, this request will be denied without prejudice.

    Plaintiff initiated this action on October 11, 2011 by filing a 77-page complaint with 169 pages of attached exhibits raising claims against multiple defendants for violation of plaintiff's constitutional rights related to his allegedly improper validation as a gang member. This complaint was dismissed with leave to amend on November 18, 2011 for violating Federal Rule of Civil Procedure 8(a)(2) and for failure to state a claim. ECF No. 8.

    On December 19, 2011, plaintiff filed a first amended complaint, which was again dismissed with leave to amend for failure to state a claim. ECF Nos. 11-12.

    On May 16, 2012, plaintiff filed a second amended complaint ("SAC"). ECF No. 15. By

1

order dated September 24, 2012, the former magistrate judge assigned to this case, Magistrate Judge Gregory G. Hollows,[1] screened the SAC, found service was proper for defendants Alcaraz and Fowler on plaintiff's retaliation claim, and issued findings and recommendations recommending that all other claims and defendants be dismissed. See ECF No. 17.

During the pendency of the findings and recommendations, Judge Hollows directed plaintiff to submit forms for service on Alcaraz and Fowler. ECF No. 18. Following receipt of these forms from plaintiff, the court directed the United States Marshal to effectuate service. ECF No. 27. A waiver of service was returned executed on May 1, 2013 reflecting that both Alcaraz and Fowler were served on April 25, 2013. ECF No. 33.

On March 12, 2013, the Honorable John A. Mendez adopted Judge Hollows's findings and recommendations in part. See ECF No. 29. Judge Mendez determined that Judge Hollows failed to address plaintiff's discrimination claim, incorrectly read the SAC to allege a retaliation claim against Alcaraz, failed to consider plaintiff's retaliation claim against defendant Whitfield, and failed to address plaintiff's Eighth Amendment claims. Accordingly, plaintiff was allowed to proceed with his retaliation claim against Whitfield and his discrimination claim against Alcaraz. He was then given leave to amend his Eighth Amendment claim. All remaining claims were dismissed with prejudice.

On April 1, 2013, plaintiff filed a motion for reconsideration of Judge Mendez's order. ECF No. 31. Plaintiff argues that Judge Mendez misread plaintiff's opposition to the findings and recommendations in finding that plaintiff did not intend to state a retaliation claim against Alcaraz. Plaintiff also argues that he should have been granted leave to amend a retaliation claim against Fowler, that he stated sufficient allegations to support a discrimination claim against Whitfield and Fowler, and that both Judge Hollows and Judge Mendez failed to address plaintiff's conspiracy claim. Finally, plaintiff asks that his due process claim be dismissed without prejudice so that he may challenge his gang validation in a state habeas corpus petition.

On April 22, 2013, plaintiff filed a third amended complaint. ECF No. 32. On May 24,

---

[1] This case was reassigned to the undersigned on November 20, 2012. ECF No. 23.

2013, Alcaraz filed a request for screening of the third amended complaint.

In the interest of judicial economy and efficiency, the undersigned will deny without prejudice defendant's request for screening pending resolution of plaintiff's motion for reconsideration.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's April 1, 2013 motion for 20-day extension of time is granted;
2. Plaintiff's April 22, 2013 third amended complaint is deemed timely filed; and
3. Defendant's May 24, 2013 request for screening is denied without prejudice to its renewal.

DATED: June 28, 2013

_____/s/_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

/mb;barr2678.jo