UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ANTHONY RAUL BARRON, | No. 2:11-cv-2678 JAM-AC |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR RECONSIDERATION** |
| MATTHEW CATE, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff Anthony Raul Barron's ("Plaintiff") Motion for Reconsideration (Doc. #31) of the Court's order dismissing Plaintiff's Second Amended Complaint ("SAC"), in part; granting leave to amend, in part; and adopting the findings and recommendations, in part (Doc. #29).[1] Defendants did not file an opposition. For the reasons set forth below, Plaintiff's motion is GRANTED in part and DENIED in part.

///

///

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). No hearing was scheduled.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On September 24, 2012, the Magistrate Judge filed Findings and Recommendations (Doc. #17). Plaintiff filed objections to the Findings and Recommendations (Doc. #26). On March 12, 2013, the Court upon de novo review dismissed Plaintiff's SAC, in part; granting leave to amend, in part; and adopting the findings and recommendations, in part (Doc. #29).

Plaintiff's SAC alleges that he was confined on Contraband Surveillance Watch ("CSW") by Defendant Alcaraz on the basis of his race and because Plaintiff declined to give Defendant Alcaraz information. Plaintiff further alleges that Defendants Whitfield and Fowler falsified source item reports in retaliation for Plaintiff's assertion of his Fifth Amendment right to remain silent, and that those reports were used to validate him as a gang member. Plaintiff further alleges that his confinement while on CSW violated the Eighth Amendment, and that the procedures used to validate Plaintiff as a gang member and resulting Segregated Housing Unit placement violated due process.

Pursuant to the Court's March 12, 2013, Order ("Underlying Order"), Plaintiff could proceed with the retaliation claim against Defendant Whitfield and the discrimination claim against Defendant Alcaraz (Doc. #29). Plaintiff was given leave to amend his Eighth Amendment claim and Plaintiff's remaining

2

claims were dismissed with prejudice, including Plaintiff's retaliation claim against Defendant Alcaraz. Id. Plaintiff filed his Third Amended Complaint on April 22, 2013 (Doc. #32).

II. OPINION

A. Legal Standard

Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") governs the reconsideration of final orders of the district court. Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

In addition, Local Rule 230(j) ("Rule 230(j)") governs motions for reconsideration. Rule 230(j) requires an affidavit or brief setting forth, in part, "new or different facts or circumstances . . . claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." L.R. 230(j)(3)-(4). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the Court to reverse its prior decision. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F. Supp. 656, 665 (E.D. Cal. 1986), aff'd in part and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987). "[T]he major grounds that justify reconsideration

involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Pyramid Lake Paiute Tribe of Indians v. Hodel, 882 F.2d 364, 369 n.5 (9th Cir. 1989) (citation omitted).

    B.   Discussion

        1.   Retaliation Claim against Alcaraz

In the Findings and Recommendations, the Magistrate Judge found that Plaintiff's allegations were sufficient to state a retaliation claim against Defendant Alcaraz. Findings and Recommendations, Doc. #17, at 3. However, in the Underlying Order, the Court stated, "Plaintiff objects that he did not intend to allege a claim of retaliation against Defendant Alcaraz. Objection at 2." Underlying Order, Doc. #29, at 5. The Court accordingly found that Plaintiff had not stated a retaliation claim against Defendant Alcaraz. Id. at 6. In his motion for reconsideration, Plaintiff argues that this was a mistake because he was not referring to his retaliation claim; his objection referred to the Magistrate Judge's factual finding that Defendant Alcaraz began the gang validation process. Mot. at 2. In the objection at issue, Plaintiff states, "Plaintiff did not allege that Defendant Alcaraz began the gang validation process (see Doc. 12, at p.3) Plaintiff alleged that Alcaraz targeted him due to his racial classification, attempted to coerce information and subjected him to cruel and unusual punishment in *retaliation* for not providing any information." Objections, Doc. #26, at 2 (emphasis added). Therefore, read in its entirety, Plaintiff was correcting a factual contention but

4

continued to allege a retaliation claim against Defendant Alcaraz.  In addition, the factual contention was in reference to the discrimination not the retaliation claim.  Accordingly, Plaintiff's retaliation claim against Defendant Alcaraz should not have been dismissed.

### 2. All Other Claims

Plaintiff also seeks reconsideration of the claims that were dismissed with prejudice in the Underlying Order.  However, in the Underlying Order, the Court reviewed Plaintiff's allegations and found they did not state cognizable claims.  Plaintiff makes the same arguments he has previously raised and has provided no evidence or circumstances that would satisfy the requirements of Rule 60(b).  A motion to reconsider is not a vehicle to permit a party to reargue points previously presented, or to present contentions that might have been raised prior to the challenged order.  Accordingly, the Court finds no grounds that warrant reconsideration of Plaintiff's other claims previously dismissed.

## III. ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion for Reconsideration in part and DENIES in part.  Plaintiff's retaliation claim against Defendant Alcaraz is reinstated.

IT IS SO ORDERED.

Dated: December 18, 2013

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE