UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAUL BARRON, | No. 2:11-cv-2678 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. ALCARAZ, et al., | |
| Defendants. | |

    Plaintiff, a state prisoner proceeding pro se with a civil rights action, has filed a motion for appointment of counsel. Plaintiff states that he is indigent, has limited knowledge of the law and limited law library access, due in part to his placement in administrative segregation, and that counsel would be better able to investigate and prepare his case, conduct discovery and proceed at trial. See ECF No. 75. Plaintiff notes that, because his Third Amended Complaint (TAC) survived defendants' motion for summary judgment on plaintiff's retaliation claim against defendant Whitfield, see ECF Nos. 69, 72, the court has already determined that this case has merit. Plaintiff contends that his surviving claim is factually and legally complex. He also asserts fears of further retaliation for proceeding on his own in this litigation.

    District courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent a plaintiff. See 28

1

U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances warranting appointment of counsel.

In the instant case, the court does not find the required exceptional circumstances at the present time. Most of plaintiff's reasons for requesting appointment of counsel reflect circumstances common to most prisoners, particularly those housed in administrative segregation. The instant action has been significantly narrowed by the court's orders on defendants' motion for summary judgment. Plaintiff's responsibility now is to pursue discovery in support of his claim that defendant "Whitfield, acting in retaliation against plaintiff for exercising his right to remain silent, issued a false Form 128-B that served as a source item in support of plaintiff's gang validation," viz., "that defendant Whitfield retaliated against plaintiff in violation of the First Amendment for the exercise of plaintiff's Fifth Amendment right against self-incrimination," when plaintiff refused to have his tattoos photographed. See Findings and Recommendations, ECF No. 69 at 23-4 (citations, internal quotation marks and punctuation omitted). Review of plaintiff's TAC, ECF No. 32, and opposition to defendants' motion for summary judgment, ECF No. 67, demonstrate that plaintiff is fully capable of formulating and requesting relevant discovery in this action, particularly in light of the narrowed facts and legal claim that now proceeds herein.[1]

////

////

---

[1] Plaintiff's discovery requests may include the following: (1) requests for admission (yes-or-no statements of fact), see Fed. R. Civ. P. 36; (2) up to twenty-five interrogatories (questions), see Fed. R. Civ. P. 33; and (3) requests for copies of documents, electronically stored information, or other tangible evidence, see Fed. R. Civ. P. 34.

2

Accordingly, IT IS HEREBY ORDERED that plaintiff's July 8, 2015 motion for appointment of counsel, ECF No. 75, is denied without prejudice.

DATED: July 27, 2015.

           /S/
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE