UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAUL BARRON, | No. 2:11-cv-2678 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. ALCARAZ, et al., | |
| Defendants. | |

I. Introduction

Plaintiff, a former state prisoner,[1] moves to compel sole remaining defendant Correctional Officer J. Whitfield to provide further discovery responses, and for sanctions. ECF No. 89. Defendant has filed an opposition. ECF No. 90. For the reasons that follow, plaintiff's motion is granted in part and denied in part.

II. Background

This action proceeds on plaintiff's Third Amended Complaint (TAC), ECF No. 32, on his First Amendment claim that defendant Whitfield, on January 15, 2009, retaliated against plaintiff for the exercise of his Fifth Amendment right to remain silent. The alleged events

---

[1] On September 15, 2016, plaintiff filed a notice of change of address indicating that he is no longer incarcerated. See ECF No. 91.

occurred during plaintiff's prior incarceration at California State Prison in Solano (CSP-SOL). Plaintiff claims that he exercised his right to be free from self-incrimination when he refused (1) defendant's request to photograph plaintiff's tattoos, and (2) to answer questions concerning his association with the Northern Structure/Nuestra Raza prison gang. This exchange occurred at an Institutional Classification Committee meeting where plaintiff, in shackles and on Contraband Surveillance Watch, had been escorted from CSP-SOL's Administrative Segregation Unit. Plaintiff alleges that defendant, in retaliation, issued a Chrono 128-B that characterized plaintiff's refusal to cooperate as adherence to the rules of the Northern Structure/Nuestra Raza prison gang, and therefore evidence of plaintiff's association with the gang. The chrono includes a statement that plaintiff "[a]t no time . . . [expressly] state[d], 'I am exercising my Fourth and Fifth Amendment Rights." See ECF No. 86 at 9. Plaintiff contends that the chrono contains false information, and was improperly relied on as a source item in support of his subsequent gang validation and placement in the Segregated Housing Unit.

Significant to the instant discovery disputes is the district judge's express finding that the circumstances on January 15, 2009 constituted a "custodial interrogation" that implicated plaintiff's "constitutional right to be silent and to not be punished for that silence." See ECF No. 29 at 7-8; see also ECF No. 84 at 2-4.

By order filed May 4, 2016, this court granted in part plaintiff's prior motion to compel discovery. ECF No. 84 (granting in part ECF No. 77). Defendant was directed to serve plaintiff with additional discovery responses, which were clearly specified,[2] and to provide copies of the additional responses to the court. ECF No. 84 at 18-9. Defendant timely served and filed his Amended Responses to Plaintiff's First Set of Interrogatories, ECF No. 86, and Amended Responses to Plaintiff's First Set of Request for Production of Documents, ECF No. 88. Nearly a

---

[2] Defendant was directed to serve plaintiff with the following additional discovery: amended responses and supporting documents in response to Interrogatory Nos. 3, 4 and 9; a supplemental response to Interrogatory No. 13; amended responses to Production Request Nos. 1 and 2, together with any responsive documents; and supplemental responses and a privilege log in response to plaintiff's Production Request Nos. 9 through 12, or defendant's sworn statement that there are no responsive documents. See ECF No. 84 at 18-19.

2

month later, plaintiff filed the instant motion, seeking further responses and sanctions. ECF No. 89. Defendant opposes the motion on the ground that his amended responses were proper and made in good faith. ECF No. 90.

III. Discovery Disputes

Plaintiff challenges defendant's amended responses to several of his interrogatories and production requests.

A. Interrogatory Nos. 3, 4, and 9

Plaintiff contends that defendant, in his amended responses, improperly objected to Interrogatory Nos. 3, 4, and 9 on that ground that each is "irrelevant" because defendant did not "interrogate" plaintiff. ECF No. 89 at 2. Defendant responds that, "notwithstanding and without waiving these objections," he provided substantive amended responses to these interrogatories. ECF No. 90 at 2.

When this court directed defendant to provide amended responses to these interrogatories, it emphasized the following, ECF No. 84 at 12-3 (fn. omitted) (emphasis added):

> Defendant objected to these interrogatories on the ground that "defendant did not interrogate plaintiff" (Interrogatory Nos. 3 and 4), but conducted only an "interview" of plaintiff on January 15, 2009 (Interrogatory No. 9). Plaintiff relies on the prior assessment of this court that the parties' interaction on this date, as framed in plaintiff's pleadings, constituted a custodial interrogation. The undersigned agrees that this factor renders defendant's general responses to these interrogatories inadequate, and therefore overrules his objections thereto. [¶] *In light of the significance of this matter, and despite the general wording of these interrogatories, defendant will be required to provide detailed and specific amended responses to each of these interrogatories, liberally construed, and to produce any supporting or responsive documents, including relevant regulations and written policies or procedures.* Defendant's amended responses to Interrogatory Nos. 3, 4 and 9 shall inform plaintiff of defendant's specific decisions and conduct in his interaction with plaintiff on January 15, 2009, and the reasons supporting his response, and shall identify and provide all supporting documents.
> 
> - Interrogatory No. 3

Interrogatory No. 3 seeks the following:

> State the procedure in effect during January 2009, at CSP-SOL for conducting interviews and interrogations of prisoners allegedly involved in prison gangs, including the procedure for responding to

3

prisoners who[] choose to remain silent. If the procedure is different for interviewing and interrogating members and associates of the Northern Structure/Nuestra Raza (NS/NR) than for members and associates of other prison gangs state both procedures. If these procedures are set forth in any policy, directive, or other document, produce the document(s).

Defendant's amended response provides in full, ECF No. 86 at 2-3 (portion in italics repeats defendant's original response):

> *Defendant objects to this request on the grounds that it is compound, irrelevant as to "interrogations" because Defendant did not interrogate Plaintiff, and seeks confidential information the disclosure of which would create a hazard to the safety and security of the institution, inmates, and staff. Without waiving these objections, the general procedure for conducting a gang investigation interview was to ask whether the inmate was involved in any gangs or disruptive groups and to document pertinent information from the interview. If for instance, an inmate "chose to remain silent," staff would document that on a chrono. The procedure for interviewing "members and associates of the NS/NR" is the same as for other prison gangs.*
>
> With regard to Defendant's specific decisions and conduct in his interaction with Plaintiff on January 15, 2009, Defendant does not specifically recall the interaction. However, Defendant documented the interaction on a CDCR-128B chrono, which Defendant previously produced to Plaintiff at DEFS 050. For clarity and ease of reference, Defendant is attaching the chrono to these amended responses as Exhibit A. The chrono contains Defendant's specific decisions and conduct during his interaction with Plaintiff January 15, 2009.
>
> In addition, Defendant is producing the CDC 128-G Classification Chrono, which shows that Defendant was present at Plaintiff's January 15, 2009 ICC and that "during committee, Plaintiff was informed that any gang involvement . . . may result in a . . . CDC 128B and possible validation." The CDC 128-G Classification Chrono is attached to these amended responses as Exhibit B.
>
> Defendant does not have any other responsive documents in his possession, custody, or control.

The court finds that this response reflects defendant's continued avoidance of the express finding of this court that the subject interaction between plaintiff and defendant was a custodial interrogation. While defendant avers that he has no specific recollection of the incident, and has provided two documents that reportedly recount his decisions and conduct, the response is inadequate as to the pertinent procedures.

////

Therefore, defendant is directed to identify and provide all departmental documents (as set forth by regulation and/or other CDCR or CSP-SOL written policies or procedures), in effect in January 2009, that guided correctional staff in determining when and how to conduct a custodial interrogation of a prisoner suspected of gang involvement, including the recommended procedure for responding to a prisoner who choses to remain silent. Any distinctions in interrogating suspected members or associates of the Northern Structure/Nuestra Raza prison gang shall be noted and documented.

- <u>Interrogatory No. 4</u>

Interrogatory No. 4 seeks the following:

> State any training received for identifying and stopping an interview and interrogation about a matter and continuing with another topic when the subject begins to relate the commission of a serious, chargeable crime. If this training is set forth in any document, produce the document(s).

Defendant's amended response provides in full, ECF No. 86 at 4 (portion in italics repeats defendant's original response):

> *Defendant objects to this request on the grounds that it is unintelligible, vague and ambiguous, overbroad as to time and subject matter, and irrelevant as to "interrogations" because Defendant did not interrogate Plaintiff. As to the second part of the request, Defendant objects on the grounds that it is a request for production of documents, not an interrogatory. Without waiving these objections and without a more intelligible request, Defendant does not know how to respond because he does not know what Plaintiff is asking.*
>
> With regard to Defendant's specific decisions and conduct in his interaction with Plaintiff on January 15, 2009, Defendant does not specifically recall the interaction. However, Defendant documented the interaction on a CDCR-128B chrono, which is attached to these amended responses as Exhibit A. According to the chrono, Defendant did not "stop" the interview about any matter and continue on with another topic, nor does it appear that the subject (Plaintiff) related the commission of any crime.
>
> Defendant does not have any other responsive documents in his possession, custody, or control.

Defendant's response to Interrogatory No. 4 provides no more than his response to Interrogatory No. 3. Defendant is directed to identify and provide all departmental documents (as set forth by regulation and/or other CDCR or CSP-SOL written policies or procedures), in effect

5

in January 2009, that identify the training or other guidance accorded correctional staff for determining when, in the course of interviewing or interrogating a prisoner (including but not limited to his suspected commission of a serious, independently chargeable crime), staff was required to stop the interview or interrogation in deference to the prisoner's constitutional right to remain silent.

- Interrogatory No. 9

Interrogatory No. 9 seeks the following:

> In defendant's opinion, would stating "I have no comment" in response to questioning be tantamount to exercising one's right to remain silent?

Defendant's amended response provides in full, ECF No. 86 at 5 (portion in italics repeats defendant's original response):

> *Defendant objects to this request on the grounds that it is an incomplete hypothetical and irrelevant. Without waiving this objection and assuming the circumstances of the January 15, 2009 interview that Defendant conducted of Plaintiff, no.*
>
> With regard to Defendant's specific decisions and conduct in his interaction with Plaintiff on January 15, 2009, Defendant does not specifically recall this interaction. However, Defendant documented the interaction on a CDCR-128B chrono, which is attached to these amended responses as Exhibit A. According to the chrono, Plaintiff stated, "I have no comment." In Defendant's opinion, given the circumstances of the January 15, 2009 interview that Defendant conducted of Plaintiff, no, because Plaintiff was not being accused of a crime. Defendant posed routine questions to Plaintiff during an ICC committee meeting regarding Plaintiff's involvement with gangs. Additionally, based on Defendant's background, experience, and specialized training in gang investigations and on previously gathered intelligence, the use of the phrase "no comment" holds special meaning within the Northern Structure Nuestra Raza Prison Gang.
>
> Defendant documented the source of that intelligence on the CDCR-128B chrono, which is attached as Exhibit A.

The court finds that defendant's amended response, together with the content of the CDCR-128B, adequately responds to this interrogatory by explaining defendant's recollection and perspective concerning his interaction with plaintiff on January 15, 2009. No further response is required.

////

B. Production Request Nos. 1, 2 and 9

Plaintiff seeks exclusionary sanctions based on defendant's responses to his Production Request Nos. 1 and 2. Plaintiff also challenges the sufficiency of defendant's privilege log.

In considering plaintiff's original discovery motion, the court reviewed defendant's responses to plaintiff's Production Request Nos. 1 and 2 together, as follows, ECF No. 84 at 14:

> Without waiving his objections to Production Request Nos. 1 and 2, defendant averred that he has no responsive documents in his possession, custody or control. Plaintiff contends that defendant must possess documents responsive to these requests because the subject matter is central to this litigation. However, the court is without authority to compel defendant to produce documents that he says he does not possess. Therefore, plaintiff's motion to compel the production of documents responsive to these requests must be denied. However, if at summary judgment or trial defendant intends to rely on any documents that may reasonably be construed as responsive to plaintiff's Production Request Nos. 1 and 2, defendant shall provide plaintiff with such documents, together with amended responses to these requests, within thirty days after the filing date of this order; failure to do so may be grounds to exclude such evidence at trial.

- Production Request No. 1

Production Request No. 1 seeks the following:

> Any and all policies, directives or instructions to staff concerning debriefing, interrogating and interviewing prisoners, including but not limited to involvement in prison gangs.

Defendant's amended response provides in full, ECF No. 88 at 2 (portion in italics repeats defendant's original response):

> *Defendant objects to this request on the grounds that it is overbroad as to time and subject matter, compound, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and – to the extent it calls for information related to investigating specific prison gangs – seeks confidential information the disclosure of which would create a hazard to the safety and security of the institution.* To the extent that this request seeks training materials, as part of Defendant's training received in 1997, he recalls topics covering interrogating and interviewing prisoners but does not recall whether written training materials were provided and, if written training materials were provided, Defendant no longer has them in his possession. Without waiving these objections, Defendant does not have any non-confidential responsive documents in his possession, custody, or control, and Defendant does not plan to use any confidential documents that may be responsive.

7

However, Title 15, California Code of Regulations and the Department Operations Manual, both of which are available to Plaintiff in the prison law library, may contain information responsive to this request and that does not implicate safety and security issues.

- Production Request No. 2

Production Request No. 2 seeks the following:

> Any and all documents relevant to the rules and regulations of the Northern Structure/Nuestra Raza (NS/NR) prison gang, including but not limited to the Bond(s), Household policies, and other inmates kites found on July 7, 2006.

Defendant's amended response provides in full, ECF No. 88 at 3 (portion in italics repeats defendant's original response):

> *Defendant objects to this request on the grounds that it is overbroad as to time and subject matter, compound, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, and – to the extent it calls for information related specifically to investigations involving the Northern Structure/Nuestra Raza prison gang – seeks confidential information the disclosure of which would create a hazard to the safety and security of the institution.* Without waiving these objections, Defendant is producing Plaintiff's CDCR 128B chrono, dated January 15, 2009, which references inmates kits recovered on July 7, 2006. This chrono was previously produced to Plaintiff at DEFS 050, but for clarity and ease of reference, Defendant is attaching the chrono to these amended responses as Exhibit 1. Defendant does not have any other non-confidential responsive documents in his possession, custody or control. See Privilege Log, Ex. 3 [see ECF No. 88 at 22, re. Prod. Req. No. 2].[3] Defendant does not plan to use any confidential documents that may be responsive.

Plaintiff contends that sanctions are warranted because defendant identified potentially relevant documents pursuant to the court's extended deadline, rather than the court's original deadline. This contention is without merit. Plaintiff's request that the court impose exclusionary sanctions is also without merit because defendant has expressly stated that he does not intend to

---

[3] This portion of defendant's Privilege Log identifies "Documents referencing Bond 7 of the Northern Structure Prison Gang 14 Bonds (aka "their bylaws"), and asserts privilege because "These documents contain confidential information the disclosure of which would create a hazard to the safety and security of the institution in that the documents contain specific information about a specific prison gang." ECF No. 88 at 22.

8

rely on any confidential documents responsive to Production Request Nos. 1 and 2.

Plaintiff's challenges to the cited portion of defendant's privilege log are also without merit. It is implicit in the nature of the confidential documents (see n. 3, supra) that their disclosure could jeopardize the safety and security of the institution; no additional "specific facts" are necessary. Moreover, the language that plaintiff relies on in challenging these responses, see ECF No. 89 at 4, is inapplicable because it applies to the official information privilege, see ECF No. 84 at 17.

For these reasons, the court finds that defendant need provide no further responses to Production Request Nos. 1 and 2. However, notwithstanding this conclusion, the court notes that defendant's further responses to plaintiff's Interrogatory Nos. 3 and 4 should include the referenced 1997 training materials (or, if unavailable, more current materials) "covering interrogating and interviewing prisoners," and all appropriate citations to Title 15, California Code of Regulations and CDCR's Department Operations Manual.

- Production Request No. 9

Production Request No. 9 seeks the following:

> Any and all CDCR-602s (Inmate/Parolee Appeals) received by the Appeals Coordinator or their agents at CSP-SOL concerning the mistreatment of inmates by defendant, including but not limited to violating the right to remain silent, retaliation, writing false reports and discrimination.

In addressing plaintiff's prior challenge to defendant's response to this request, the court stated, ECF No. 84 at 16:

> In response to Request No. 9, defendant produced copies of plaintiff's three relevant appeals. Defendant's objections to plaintiff's broad request for appeals or complaints filed by other inmates are sustained based on confidentiality grounds, as set forth in CDCR regulations and the operations manual (although the confidentiality of other inmates can be protected through redaction and protective orders, when applicable). However, defendant's objection to the production of any potentially relevant matters in his personnel file based, inter alia, on the official information privilege, requires more. Although defendant states that he has no responsive documents in his possession, custody of control, he will be required to revisit this matter.

9

The court set forth the requirements for asserting a qualified official information privilege. Id. at 16-7. Defendant was directed to "review the contents of his personnel file and any other source that may contain an inmate or peer complaint challenging defendant's professional conduct. Defendant shall then provide supplemental responses to each of these requests, as construed herein, and to identify any responsive documents in a privilege log; OR provide a sworn statement that, after further inquiry, there are no responsive documents in defendant's possession, custody or control, including his personnel file, and no other responsive documents of which defendant is aware." Id. at 17.

Defendant's amended response provides in full, ECF No. 88 at 4-5 (portion in italics repeats defendant's original response) (emphasis in bold added):

> *Defendant objects to this request on the grounds that it is overbroad as to time and subject matter, compound, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence, seeks character evidence which is inadmissible, and potentially – to the extent it calls for documents contained in Defendant's personnel file – calls for documents protected by the official information privilege, California Government Code section 6254, and California Evidence Code sections 1040, 1041, and 1043. The requires also seeks documents that may contain confidential and private information about other inmates' medical conditions, custody classifications, and other sensitive information, the disclosure of which would create a hazard to the safety and security of the institution and violates the inmates' rights to privacy and confidentiality. Without waiving these objections,* **Defendant is producing Appeal log numbers CSP-S-09-00374, CSP-S-09-00928, and CSP-S-10-00249 filed by Plaintiff.**
>
> The Inmate Appeals Branch ran a word search of Third level Appeal Decisions for "Solano" appeals, then ran a search using the term "Whitfield," disregarding appeals that were for inmates with the last name Whitfield and any employees with the last name Whitfield that either were a "here" or had a first initial other than "J." Upon further review, only three actually complained about the conduct of an officer by the name of "Whitfield" or "J. Whitfield;" appeal log number SOL-07-02251 mentioned "Correctional Officer Whitfield" but did not complain about that officer's conduct. **Defendant is producing the Third Level Decision of these four appeals as Exhibit 2 with inmates' names and CDCR numbers and staff members' names redacted.** The entire appeal, however, which includes the appeal form, first and second level responses, and attachments, contains confidential information such as other

10

inmates' and staff members' statements throughout, making redaction impractical. Accordingly, the appeals are listed on the attached privilege log. See Privilege Log, Ex. 3.[4]

CDCR's Office of Internal Affairs also conducted a search for documents related to Defendant and found no responsive documents. See Hoppin Decl., Ex. 4.[5]

Defendant does not have any other non-confidential responsive documents in his possession, custody, or control. See Whitfield Affidavit, Ex. 5.[6]

Plaintiff has identified three of the four newly identified appeals as relevant to this action, and seeks full disclosure of those appeals based on this court's prior language when considering the merits of defendant's motion for summary judgment based on administrative exhaustion.[7]

---

[4] This portion of defendant's Privilege Log identifies four inmate appeals (SOL-05-01405, SOL-06-03714, SOL-10-00348, and SOL-07-02251), "including original 602 form, all levels of responses, and attachments, as maintained by CDCR's Inmate Appeals Branch." ECF No. 88 at 22, Ex. 3. Defendant asserts privilege because "These documents contain confidential information the disclosure of which would create a hazard to the safety and security of the institution in that [each] document contains: (1) other correctional staff members' names and statements; and (2) other inmates' names, CDCR numbers, and statements." Id. The Log further states that "Although confidential, defendant is producing the third level appeal decision of each of these four appeals, with inmates' names and CDCR numbers and staff members' names redacted." Id.

[5] The June 2, 2016 declaration of Erin Hoppin, Litigation Coordinator, CDCR Office of Internal Affairs, provides that her "search of all available Office of Internal Affairs and Civil Rights Operations case management systems revealed no case information on Jonathan Whitfield, Correctional Officer." ECF No. 88 at 24, Ex. 4.

[6] The June 8, 2016 declaration of defendant J. Whitfield provides as follows, ECF No. 88 at 26, Ex. 5:
> I have thoroughly reviewed my personnel file, currently maintained at CDCR Headquarters located in Sacramento, and [] there are no documents responsive to Plaintiff's Document Request Nos. 9 through 12, contained in my file. There are no other responsive documents of which I am aware.

[7] Plaintiff relies on the following language, which was specific to the appeals in this case, ECF No. 69 at 17, n.11:
> The court notes, with frustration, that defendants failed to provide all of the formal documents generated pursuant to each of plaintiff's appeals. Defendants provided only plaintiff's original appeals, and any further writings placed directly on those original 602 Forms. Defendants' only other evidence, plaintiff's tracked appeals log, provides no substance whatsoever. Only plaintiff has provided the formal First, Second and Third Level decisions responsive to each grievance. Because a given appeal may be clarified over the course of interviews and official written responses as the appeal moves through the process of administrative exhaustion, it is imperative

(continued…)

That language is not relevant to the matters currently pending. Moreover, the court's independent review of the three appeals identified by plaintiff indicates that only one appears to be potentially relevant to this action, specifically Appeal Log No. SOL-06-03714, which includes the allegation that Whitfield "approached [the inmate] and gave him a validation pack" that included a CDC Form 128-B; that Whitfield "acted in an unprofessional manner and failed to properly explain the validation process;" and, most importantly, that the CDC Form 128-B described the inmate's "refusal to cooperate or communicate with staff relative to his suspected involvement in the Northern Structure/Nuestra Raza Prison Gang." ECF No. 88 at 15. While it is unclear who wrote the CDC Form 128-B or otherwise participated in its preparation, the combination of these elements indicates that the contents of this appeal may be consistent with plaintiff's claims in the instant action. Review of this appeal may lead to admissible evidence that Whitfield prepared or contributed to the preparation of a CDC Form 128-B chrono against another inmate who chose to remain silent under similar circumstances when asked about his suspected involvement with Northern Structure/Nuestra Raza prison gang. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Therefore, the court will order the submission of all documents associated with this appeal for *in camera* review and a determination of its relevance to this case. See Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987) ("the weighted balancing test for resolving disputes about the official information privilege assures that it is the court, and not the holder of the documents, that has the ultimate power to decide whether there will be disclosure").

The court finds that neither of the other two appeals identified by plaintiff bear sufficient relevance to this case to require further disclosure. Appeal Log No. SOL-10-00348 involves a claim that Whitfield and two other correctional staff members "deliberately made false

that the court be provided all of this evidence by defendants, who have ready access to it. In the present case, due to plaintiff's extensive exhibits, there is no prejudice caused by defendants' failure. However, in the future, defendants shall provide all necessary information.

12

accusations to accumulate over time (sic) by claiming they saw the appellant swallow something." ECF No. 88 at 17. Appeal Log No. SOL-05-1405 involves a claim that Whitfield acted "inappropriately" toward the complainant and confiscated contraband items. ECF No. 88 at 14. The fourth appeal, Appeal Log No. SOL-07-2251, which neither plaintiff nor the court finds remotely relevant to this case, states that Whitfield and two other correctional staff members were witnesses at the complainant's disciplinary hearing.

IV. Request for Sanctions

Plaintiff's request for exclusionary sanctions and/or default judgment in this action based on defendant's alleged willful failure to comply with the court's discovery order is denied for the several reasons set forth above and based on the further finding that defendant has not willfully failed to cooperate in discovery or make required disclosures, nor has defendant clearly failed to comply with the court's discovery orders. See generally Rule 37, Federal Rules of Civil Procedure.

V. Dispositive Motion Deadline

The dispositive motion deadline in this action, currently scheduled for October 14, 2016, see ECF No. 84, is hereby extended to December 9, 2016

VI. Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel discovery and for sanctions, ECF No. 89, is granted in part and denied in part.

2. Within 21 days after the filing date of this order, defendant shall:

a. In further response to plaintiff's Interrogatory No. 3, identify and provide all departmental documents (as set forth by regulation and/or other CDCR or CSP-SOL written policies or procedures), in effect in January 2009, that guided correctional staff in determining when and how to conduct a custodial interrogation of a prisoner suspected of gang involvement, including the recommended procedure for responding to a prisoner who chose to remain silent. Any distinctions in interrogating suspected members or associates of the Northern Structure/ Nuestra Raza prison gang shall be noted and documented. Any specific references to "custodial

13

interrogations" of prisoners, whether in this or any other prison context, shall also be noted and documented.

b. In further response to plaintiff's Interrogatory No. 4, identify and provide all departmental documents (as set forth by regulation and/or other CDCR or CSP-SOL written policies or procedures), in effect in January 2009, that identify the training or other guidance accorded correctional staff for determining when, in the course of interviewing or interrogating a prisoner (including but not limited to his suspected commission of a serious, independently chargeable crime), staff was required to stop the interview or interrogation in deference to the prisoner's constitutional right to remain silent.

c. Defendant's further responses to Interrogatory Nos. 3 and 4 should include the documents referenced in plaintiff's Production Request Nos. 1 and 2, specifically, the 1997 training materials (or, if unavailable, more current materials) "covering interrogating and interviewing prisoners," including all appropriate citations to Title 15, California Code of Regulations and CDCR's Department Operations Manual.

d. In further response to plaintiff's Production Request No. 9, submit to the court for *in camera* review all documents, including all levels of review and any exhibits, relevant to Appeal Log No. SOL-06-03714. The court will review these materials and issue a further order concerning their relevance and admissibility in this action.

3. Plaintiff's remaining discovery challenges and request for sanctions are denied.

4. The dispositive motion deadline is extended to December 9, 2016.

DATED: September 29, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE