UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY RAUL BARRON, | No. 2:11-cv-2678 JAM AC P |
| Plaintiff, | |
| v. | ORDER |
| A. ALCARAZ, et al., | |
| Defendants. | |

The court has reviewed *in camera* the materials submitted by defendant Whitfield pursuant to the court's orders filed September 30, 2016, and October 25, 2016. See ECF Nos. 92, 96. For the reasons that follow, defendant is directed to produce to plaintiff limited portions of these materials.

The court initially reviewed the sealed document entitled "Interviews and Interrogations for the CDC Investigator," and attached forms. See ECF No. 97. The court granted defendant's request to seal this document based on the determination that making it publicly available could threaten the safety and security of the California Department of Corrections and Rehabilitation (CDCR) and its correctional facilities. See ECF No. 96. The court has determined that only one limited portion of this document is potentially relevant to this action, specifically regarding defendant Whitfield's response when plaintiff stated, at a January 15, 2009 Institutional Classification Committee (ICC) meeting, "I have no comment." The court has determined that

the relevant portion of the sealed document is the "Miranda Admonishment" script set forth on page 36 of the PDF document filed under seal. Defendant will be directed to provide plaintiff with an unredacted copy of this admonishment, viz., the bottom two-thirds of page 36 of the PDF document filed under seal.

The court has also reviewed *in camera* the full appeal decision in administrative appeal Log No. SOL-06-03714, submitted and exhausted by an inmate other than plaintiff. The court previously noted that the Third Level Decision of this appeal, produced to plaintiff with defendant's Amended Response to plaintiff's Request for Production No. 9, suggested that the full decision might be relevant to this action. See ECF No. 92 at 9-13. The court noted in pertinent part, id. at 12:

> [T]he court's independent review of the three appeals . . . indicates that only one appears to be potentially relevant to this action, specifically Appeal Log No. SOL-06-03714, which includes the allegation that Whitfield "approached [the inmate] and gave him a validation pack" that included a CDC Form 128-B; that Whitfield "acted in an unprofessional manner and failed to properly explain the validation process;" and, most importantly, that the CDC Form 128-B described the inmate's "refusal to cooperate or communicate with staff relative to his suspected involvement in the Northern Structure/Nuestra Raza Prison Gang." ECF No. 88 at 15. While it is unclear who wrote the CDC Form 128-B or otherwise participated in its preparation, the combination of these elements indicates that the contents of this appeal may be consistent with plaintiff's claims in the instant action. Review of this appeal may lead to admissible evidence that Whitfield prepared or contributed to the preparation of a CDC Form 128-B chrono against another inmate who chose to remain silent under similar circumstances when asked about his suspected involvement with Northern Structure/Nuestra Raza prison gang. "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Therefore, the court will order the submission of all documents associated with this appeal for *in camera* review and a determination of its relevance to this case. See Kelly v. City of San Jose, 114 F.R.D. 653, 668 (N.D. Cal. 1987) ("the weighted balancing test for resolving disputes about the official information privilege assures that it is the court, and not the holder of the documents, that has the ultimate power to decide whether there will be disclosure").

The court finds that one further document contained in this appeal may be relevant to this action, specifically regarding defendant Whitfield's response to the silence of another inmate suspected of being affiliated with the Northern Structure/Nuestra Raza prison gang. This

2

document is the September 23, 2006 CDCR-128B Form completed by defendant Whitfield, which states in part that it is a policy of such affiliates to respond "no comment" when questioned, thus providing evidence of that inmate's gang affiliation. This 128B Form is found on pages 11 of the submitted document. Defendant will be directed to provide plaintiff with a copy of this chrono, redacted to exclude all information that could identify the nonparty inmate.

The court finds that no other portions of the materials reviewed *in camera* are discoverable.

Accordingly, IT IS HEREBY ORDERED that, within fourteen (14) days after the filing date of this order, defendant Whitfield shall serve on plaintiff the following documents:

1. An unredacted copy of the "Miranda Admonishment" section of page 36 of the PDF document entitled "Interviews and Interrogations for the CDC Investigator." Matter other than the text following the heading "Miranda Admonishment" may be redacted from page 36 of the PDF document.

2. A copy of the CDCR-128B Form dated September 23, 20016, found at page 11 of Appeal Log No. SOL-06-03714, redacted to exclude any information that could identify the nonparty inmate.

3. Plaintiff's motion to compel, ECF No. 89, is denied as to all other materials reviewed *in camera* pursuant to this court's previous order, ECF No. 92.

4. The dispositive motion deadline in this action remains December 9, 2016.

DATED: November 1, 2016

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

3